**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

LISA BROWN

CIVIL ACTION

25-772-SDD-EWD

VERSUS

DOLLAR TREE STORES, INC.

# RULING

This matter is before the Court on the Response to Order Granting Defendant's Motion for Summary Judgment[1] filed by Plaintiff, Lisa Brown ("Plaintiff"). Defendant, Dollar Tree Stores, Inc. ("Defendant") filed an Opposition[2] to this Response.

## I. PRIOR RULING GRANTING SUMMARY JUDGMENT

On December 18, 2025, Defendant filed a Motion for Summary Judgment.[3] This motion was properly supported by a legal memorandum and a Statement of Uncontested Material Facts that was also properly supported by record evidence.[4] Local Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. Plaintiff failed to timely oppose the motion, and the Court concluded that Defendant was entitled to summary judgment based on the uncontested facts, deemed admitted, and the applicable law. In that Ruling, the Court also advised Plaintiff as follows:

[1] Rec. Doc. 14.
[2] Rec. Doc. 18.
[3] Rec. Doc. 8.
[4] Rec. Docs. 8-2, 8-1.

> Any response to this Ruling, which should explain Plaintiff's failure to comply with the Court's deadlines, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen (14) days and must be accompanied by an opposition memorandum to the original Motion. Counsel for Plaintiff is cautioned that the Fifth Circuit has routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).[5]

Without reference to any local rule of this Court or the Federal Rules of Civil Procedure, Plaintiff filed a Response, within the 14-day deadline, advising the Court that "[b]oth the filing of the MSJ and the Court's ruling were a complete surprise to Plaintiff."[6] This is apparently based on Plaintiff's erroneous assumption that engaging in ongoing discovery informed "[b]oth parties" that "the matter was not in a position to address a Motion for Summary Judgment."[7] Plaintiff's counsel further states that he "had the word of opposing counsel that discovery was to continue, before the MSJ would be brought before the court."[8] Plaintiff does not argue nor cite the Court to any legal authority that would support the argument that Plaintiff's procedural failure was due to "excusable neglect."

Defendant filed an Opposition to Plaintiff's Response, taking issue with several representations made therein.[9] Defendant posits: "In plaintiff's estimation, the defendant's actions in continuing to prosecute this case pending a ruling on the Motion

---

[5] Rec. Doc. 11, p. 2 (citing *e.g., Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 F. App'x. 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel."); *but see Razvi v. Dallas Fort Worth International Airport*, 2022 WL 4298141, *5 (5th Cir. 2022)("[W]hile a calendaring error is not necessarily a compelling reason for missing a filing deadline, there is also no per se rule that such an error cannot, **under certain circumstances**, be the basis for Rule 60(b)(1) relief.")(emphasis added)).
[6] Rec. Doc. 14, p. 4.
[7] *Id.*
[8] *Id.*
[9] Rec. Doc. 18.

for Summary Judgment somehow nullified the Motion for Summary Judgment, such that plaintiff was not required to file an Opposition."[10] Defendant contends "[t]his argument is completely nonsensical, and certainly does not comply with the Court's order that the plaintiff explain the failure to file an opposition based on the Federal Rules of Civil Procedure."[11] Defendant notes that the proper avenue for relief would be under Rule 60(b) of the Federal Rules of Civil Procedure, but Plaintiff has failed to satisfy any grounds for relief set forth therein.[12] Further, Defendant maintains that Plaintiff has failed to demonstrate excusable neglect in failing to oppose the motion "simply because the parties continued to engage in discovery and settlement negotiations."[13] Defendant cites the decision by the Northern District of Texas in *Sterling v. United States*, wherein the court rejected a similar argument, holding that the plaintiff's

> reliance on an alleged agreement with opposing counsel to extend the summary judgment deadline, and permit discovery in the interim, does not support relief from the final judgment. Indeed, "[t]he [c]ourt cannot reopen the case when the sole reason proffered by [p]laintiff is that counsel ... forgot to seek the Court's approval to extend the deadlines." *Fret v. Melton Truck Lines, Inc.*, 2016 WL 10590159, at *4 (W.D. Tex. Dec. 13, 2016); *see also Davila*, 2017 WL 1509303, at *3 (holding that failure to respond due to "counsel's 'unfortunate calendaring error'" did "not constitute a valid reason for setting aside the summary judgment"). This is because "Plaintiff[ ] ha[s] a duty of diligence to inquire about the status of the[ ] case," to comply with the court's scheduling order, and to seek appropriate relief when necessary. *Trevino*, 944 F.3d at 571.[14]

Alternatively, Defendant argues that, should the Court accept Plaintiff's untimely Opposition, Plaintiff's arguments and evidence do not substantively defeat Defendant's

[10] *Id.* at p. 3.
[11] *Id.*
[12] *Id.* at pp. 3-4.
[13] *Id.* at p. 4.
[14] No. 3:18-CV-0526-D, 2020 WL 2425648, at *8 (N.D. Tex. May 12, 2020), *aff'd*, 834 F. App'x 83 (5th Cir. 2020).

motion for summary judgment.[15] This lawsuit arises under the Louisiana Merchant Liability Act,[16] and Defendant maintains that the evidence Plaintiff has presented demonstrates that she cannot satisfy every element under this Act.[17]

## II. ANALYSIS

### A. Relief under Federal Rules of Civil Procedure

Although Plaintiff fails to articulate that she is entitled to relief under any Federal Rule of Civil Procedure, the Court interprets Plaintiff's Response as a motion for relief under either Rule 59(e) or Rule 60(b).

Rule 59(e) allows the Court to alter or amend a judgment in very limited circumstances to: "(1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact."[18] However, a Rule 59(e) motion "'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[19] Although a district court has considerable discretion to grant or deny a Rule 59(e) motion,[20] the grant of such a motion is an "extraordinary remedy that should be used sparingly."[21]

---

[15] Rec. Doc. 18, pp. 2-3.
[16] La. R.S. 9:2800.6, *et seq.*
[17] Rec. Doc. 18, pp. 2-3.
[18] *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam) (footnote omitted).
[19] *Rivera v. Garza*, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).
[20] *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).
[21] *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"[22] As another section of this Court held:

> Under Rule 60(b), a district court may relieve a party or its legal representative from an order due to, inter alia, mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. However, "[w]hile Rule 60(b)(1) allows relief for mistake, inadvertence ... or excusable neglect, these terms are not wholly open-ended. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor v. U.S. Postal Serv*., 769 F.2d 281, 287 (5th Cir. 1985) (internal citations omitted). "In fact, a court would abuse its discretion if it were to [grant a motion] under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or *misapprehension of the law or the applicable rules of court*." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 357 (5th Cir. 1993) (emphasis added).[23]

Plaintiff has not presented the Court with any evidence, argument, or law that would justify granting extraordinary relief under Rules 59(e) or 60(b). As an attorney admitted to practice in the Middle District of Louisiana, counsel for Plaintiff is presumed, and expected, to be familiar with the Local Rules of this Court and the Federal Rules of Civil Procedure. Attorneys in this district are not permitted to adjust court deadlines without the authority of the Court. The fact that the parties continued to engage in discovery and settlement negotiations after a dispositive motion was filed is of no moment and likely occurs in nearly every lawsuit where pending motions exist. Engaging in discovery and/or settlement negotiations in no way suspends the general scheduling orders of the Court or the Local Rules.

[22] *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

[23] *Hendrick v. Progressive Property Ins. Co*., No. 21-00731-BAJ-RLB, 2023 WL 3737108, at *2 (M.D. La. May 31, 2023).

**B. Alternative Merits Analysis**

Defendant is also entitled to judgment on the merits. The governing statute provides that "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[24] The statute also specifies the requirements for a merchant liability claim as follows:

> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action,[25] all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[26]

It is undisputed that, to survive summary judgment, Plaintiff must submit evidence sufficient to preclude summary judgment on all three elements under Louisiana's

[24] La. R.S. 9:2800.6(A).
[25] "Though there is some overlapping, these remaining elements are duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages." *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084, n.3.
[26] La. R.S. 9:2800.6(B).

Merchant Liability Statute.[27] The United States Court of Appeals for the Fifth Circuit observes that the statute "'places a heavy burden of proof on plaintiffs' in slip and fall cases."[28] Because Plaintiff must prove all three additional elements of La. R.S. 9:2800.6(B), "the failure to prove any is fatal to the claimant's cause of action."[29] This burden of proof never shifts to the defendant.[30]

Plaintiff's deposition testimony forecloses any substantive opposition to Defendant's motion. Plaintiff contends she was injured in Defendant's store when she tripped over a box of chicken broth left on the floor after an employee purportedly failed to finish stocking.[31] But Plaintiff acknowledged under oath that she was not looking at the ground as she shopped and did not see the box until she stumbled over it;[32] she does not know if any store employee placed the box on the floor; when the last time a store employee was on the aisle before her fall; or how long the box had been on the floor before her fall.[33] Moreover, the photo produced by Plaintiff demonstrates that the box was an open and obvious condition as contemplated by the Act.[34] Thus, Plaintiff fails to present any summary judgment evidence to show a genuine dispute of material fact as to the elements of her claim.

---

[27] *Frank v. Boomtown L.L.C.*, 12-382 (La. App. 5 Cir. 12/11/12), 106 So.3d 227, 231.
[28] *Bagley v. Albertson's, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)).
[29] *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 7 (La. 9/9/97), 699 So. 2d 1081, 1086; *see also Bertaut v. Corral Gulfsouth, Inc.*, 16-93 (La. App. 5 Cir. 12/21/16), 209 So. 3d 352, 356.
[30] *Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x. 458, 460 (5th Cir. 2012) (citing *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La. App. 3 Cir. 2011).
[31] Rec. Doc. 15, p. 7.
[32] Rec. Doc. 8-4, Brown Depo, pp. 33-37.
[33] *Id.* at pp. 40-42.
[34] *See* Rec. Doc. 8-4, Brown Depo, Exhibit 3 at CM/ECF p. 14.

Accordingly, Plaintiff is also not entitled to relief after consideration of the merits. To the extent Plaintiff's Response[35] is interpreted as a motion for relief under Rules 59(e) or 60(b), the motion is DENIED.

Further, counsel for Plaintiff is advised that, pursuant to this Court's "Three Strike" disciplinary rule,[36] the Court is issuing a strike to Attorney Michael Hebert. Counsel is advised that 2 more strikes will result in discipline, including but not limited to loss of the privilege to practice in the Louisiana Middle District.

Baton Rouge, Louisiana, this 5th day of October, 2026.

Shelly D. Dick

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

[35] Rec. Doc. 14.
[36] The attorney misconduct application was created in 2020 for the purpose of internally tracking attorney misconduct within our Court. Failure to follow the local rules qualifies as a reason to receive a strike. If an attorney receives three strikes, sanctions may follow.